UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>CAMERON BELL,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:15-CR-54 JCM (CWH)<br><br>ORDER |

Presently before the court is petitioner Cameron Bell's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 197). Petitioner's counsel also filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on petitioner's behalf. (ECF No. 204).

Also before the court is the government's motion to dismiss for lack of jurisdiction. (ECF No. 200). The petitioner filed a response, (ECF No. 402), to which the government replied, (ECF No. 202).

On August 20, 2018, petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 on five grounds: (1) the police violated his Fourteenth Amendment right by unlawfully searching and seizing his wife's backpack; (2) §§ 922(g)(1) and 924(a)(2) violate the Tenth Amendment and are beyond Congress' scope of authority; (3) he received ineffective assistance of pretrial counsel in violation of his Sixth Amendment right to be guaranteed effective counsel; (4) the court should dismiss the indictment due to the prosecutor's redacting of documents that were in favor of the defendant; and (5) the grand jury failed to endorse the indictment which violated his Fifth Amendment right to due process. (ECF No. 171). This court denied that motion on January 21, 2020. (ECF No. 193).

**James C. Mahan**
**U.S. District Judge**

Bell then filed the instant motion—a second § 2255 motion in light of the change in law of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 197).

The government's motion to dismiss argues that this court is without jurisdiction to consider the instant motion because the petitioner has neither sought nor obtained authorization from the court of appeals to file a successive § 2255 motion. (ECF No. 200). Upon reviewing the relevant provisions and relevant caselaw, this court agrees with the government's description:

> Title 28 U.S.C. § 2255(f)(3) allows a federal prisoner to file a motion to vacate sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, a prisoner seeking to file a second or successive § 2255 motion must also meet the requirements of 28 U.S.C. § 2255(h). That section directs that, before a prisoner may file a second or successive motion, the motion must be authorized by the court of appeals for the circuit where the district court sits. See 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3)(A); see also Rule 9, Rules Governing Section 2255 Proceedings in the United States District Courts ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8 [now § 2255(h)]."). In his response to the government's motion to dismiss, Bell does not appear to contest the fact that he has neither sought nor obtained the Ninth Circuit's permission to file his successive motion. This Court is therefore without jurisdiction to consider it. See 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction).

While it is clear that petitioner files this successive motion on the grounds of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. 2244(b)(2)(A), petitioner must comply with the requirements of 28 U.S.C. 2244(b)(3) and move for the Ninth Circuit Court of Appeals to authorize this court to consider the application.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion to dismiss for lack of jurisdiction (ECF No. 200) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  IT IS FURTHER ORDERED that petitioner Cameron Bell's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 197 & 204) be, and the same hereby is, DISMISSED without prejudice.

DATED June 22, 2020.

_____
UNITED STATES DISTRICT JUDGE